IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES E. SMITH,  :
    Petitioner  :
      :  No. 1:18-cv-00838
    v.  :
      :  (Judge Kane)
COMMONWEALTH OF  :
PENNSYLVANIA, et al.,  :
    Respondent  :

## MEMORANDUM

Before the Court is Petitioner Charles E. Smith's ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed on April 18, 2018. (Doc. No. 1.) The present petition appears to be Petitioner's fourth habeas petition challenging the same ongoing state criminal proceedings in the Court of Common Pleas of Dauphin County.[1] The petition has been given preliminary consideration and, for the reasons discussed below, will be dismissed without prejudice because there continues to be an ongoing state court criminal proceeding. See Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.[2]

## I.  BACKGROUND

The Court has reviewed Petitioner's most recent habeas petition and the state court docket[3] in the Court of Common Pleas of Dauphin County and ascertained the following.

---

[1] See Smith v. Commonwealth of Pa., No. 1:16-cv-01503 (M.D. Pa. Dec. 8, 2016); Smith v. Commonwealth of Pa., No. 1:17-cv-427 (M.D. Pa. Apr. 28, 2017); Smith v. Commonwealth of Pa., No. 1:17-cv-2339 (M.D. Pa. Mar. 23. 2018).
[2] Rule 4 states in pertinent part that: "The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.
[3] The Unified Judicial System of Pennsylvania Web Portal provides the docket of the criminal case pending against Petitioner in the Court of Common Pleas of Dauphin County. See https://ujsportal.pacourts.us/DocketSheets/CP.aspx (enter docket number "CP-22-CR-0005603-2016") (last accessed May 9, 2018). A district court may take judicial notice of proceedings in

On or about July 6, 2016, Petitioner was arrested and detained by the Harrisburg Police Department on felony drug charges, including drug delivery resulting in death. (Doc. No. 1); Commonwealth of Pennsylvania v. Charles Smith, CP-22-CR-0005603-2016. The charges were returned and Petitioner was bound over to the Court of Common Pleas of Dauphin County for trial. Smith, CP-22-CR-0005603-2016. The docket of the Court of Common Pleas of Dauphin County reveals that Petitioner was formally arraigned on an Information filed by the Commonwealth of Pennsylvania charging him with drug delivery resulting in death and delivery of drugs on November 18, 2016. The state court docket reveals that Petitioner has not yet been convicted. Id.

It also appears that Petitioner has filed a number of appeals in state court, including a Post Conviction Relief Act ("PCRA") petition. Id. The petition was denied by the Court of Common Pleas of Dauphin County on March 21, 2018. Id. In its statement in lieu of a memorandum and opinion, the PCRA court concluded that Petitioner is not yet eligible for PCRA relief given that he has not yet been convicted of a crime. Id. Petitioner's state criminal docket reveals that the most recent activity in his case is his appeal of the PCRA court's denial of his petition to the Pennsylvania Superior Court on April 18, 2018. Id. The appeal is currently pending. Id.

## II. LEGAL STANDARD

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy." Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975). Nevertheless, federal courts have jurisdiction pursuant to 28 U.S.C. § 2241 to issue the writ before a judgment is rendered in a state criminal proceeding. Id. at 441-42. Moreover, while exhaustion of state remedies is

---

another court. See Minney v. Winstead, No. 12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

statutorily mandated only in post-trial situations, see 28 U.S.C. § 2254(b), an exhaustion requirement in the 28 U.S.C. § 2241 pre-trial context has developed through decisional law. Moore, 515 F.2d at 442. "[A]lthough there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." Id.

Exhaustion serves the interests of federalism and comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). The petitioner bears the burden of demonstrating that he has exhausted his state remedies, which requires the petitioner to show that he has fairly presented his claim to the state courts. O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987); Picard v. Connor, 404 U.S. 270, 278 (1971). To be fairly presented to the state courts, both the legal theory and the facts supporting the claim must have been presented. O'Halloran, 835 F.2d at 508. Additionally, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's established appellate review process." O'Sullivan, 526 U.S. at 845. A district court should not issue a writ of habeas corpus without exhaustion at the pre-trial stage unless extraordinary circumstances are present. Moore, 515 F.2d at 443. "In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992).

Moreover, absent extraordinary circumstances, Younger abstention[4] requires that a district court abstain from enjoining pending state criminal proceedings when: "(1) there are

---

[4] See Younger v. Harris, 401 U.S. 37 (1981). The Younger abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly

3

ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)); see Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (stating that pre-trial habeas jurisdiction must be exercised sparingly in order to prevent interference in the state criminal process).

## III. DISCUSSION

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). Younger abstention is "premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. C.C.P., Delaware Cty, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992).

In the present matter, the Court concludes that all three Younger criteria are met. First, there is an ongoing state criminal proceeding wherein Petitioner is a defendant, and granting Petitioner's request for relief would interfere with those proceedings. See Commonwealth v. Smith, CP-22-CR-5603-2016. Second, it is axiomatic that state criminal proceedings necessarily implicate important state interests. Younger, 401 U.S. at 45-46; see also Wallace v. Keen, No. 12-cv-1366, 2012 WL 5197948, at *4 (M.D. Oct. 19, 2012). Finally, Petitioner has the

---

unconstitutional statute." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

opportunity to raise his constitutional claims in the context of his state criminal proceedings in state court at the trial stage and during any appellate proceedings. See Wallace, 2012 WL 5197948, at *4; see also Moore, 515 F.3d at 445 (providing that adequate state court review remains available to petitioner "at trial and thereafter, on appellate review"); Lazaridis v. Wehmer, 591 F.3d 666, 671 (3d Cir. 2010) (providing that Younger only requires "an opportunity to present federal claims in a state proceeding," and that the burden rests on the plaintiff "to show that state procedural law barred presentation of [his] claims") (quoting Juidice v. Vail, 430 U.S. 327, 337 (1997) and Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14-15 (1987)).

Additionally, Petitioner has not made a showing that that Younger abstention is inappropriate because: (1) the ongoing state proceedings are undertaken in bad faith; (2) such proceedings are meant to harass him; or (3) some extraordinary circumstance exists that would prevent a significant and immediate potential for irreparable harm to the asserted federal interest by deferring to the state courts. See Wallace, 2012 WL 5197948, at *4; Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003). Lastly, "[i]t does not appear from the record that [Petitioner has] been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith." Younger, 401 U.S. at 47 (quoting Douglas v. Jeannette, 319 U.S. 157, 164 (1943)).

Moreover, a "federal court cannot provide habeas review for pre-trial claims if the petitioner is attempting to abort his state criminal proceeding because such adjudication would constitute 'an attempt to litigate constitutional defenses prematurely in federal court.'" Corliss v. Asure, No. 1:14-cv-46, 2015 WL 434989, at *3 (M.D. Pa. Feb. 3, 2015) (quoting DeYoung, 515 F.2d at 441-42); see also Braden v. 30th Judicial Circuit of Ky., 410 U.S. 484, 493 (1973)

5

(habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction).

Consequently, Petitioner's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention, and the instant habeas action does not demonstrate the type of extraordinary circumstance contemplated by Younger. Moreover, state review of Petitioner's claims remains available on direct appeal in the event of a conviction. See Corliss, 2015 WL 434989, at *4 (citing Moore, 515 F.2d at 444). Thus, under the present circumstances, the Court concludes that it is appropriate to abstain from entertaining the petition, as abstention is required to preserve the integrity of the state judicial process.[5]

## IV. CONCLUSION

For the reasons set forth above, Petitioner's petition for writ of habeas corpus (Doc. No. 1), is dismissed without prejudice. An appropriate Order follows.

---

[5] The Court additionally notes that Petitioner's previous habeas petition docketed at 1:17-cv-427, raising many of the same claims as in the instant petition, was dismissed pursuant to the Younger doctrine by this Court and the dismissal was affirmed by the United States Court of Appeals for the Third Circuit. See Smith v. Commonwealth of Pennsylvania, No. 1:17-cv-427, Doc. No. 18 (M.D. Pa. Apr. 28, 2017) (providing that this Court "correctly refused to exercise pretrial habeas jurisdiction over [Petitioner's] petition").